**Signed: August 29, 2008**



_____
**LESLIE TCHAIKOVSKY
U.S. Bankruptcy Judge**
_____

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re                                   No. 03-44829 TT
                                        Chapter 7
RALBERT RALLINGTON
BROOKS-HAMILTON,

          Debtor.
_____/

**MEMORANDUM OF DECISION RE SANCTIONS ON REMAND**

On September 1, 2004, an order was entered pursuant to the Court's order to show cause suspending David A. Smyth ("Smyth") from practicing law for a period of six months as a sanction for his conduct in the above-captioned bankruptcy case. The order was stayed pending appeal. The order was affirmed by the Bankruptcy Appellate Panel. On further appeal, the Ninth Circuit Court of Appeals remanded the matter to this Court for reconsideration of the appropriateness of the sanction given its partial reversal in a related appeal. For the reasons stated below, the Court concludes that the prior sanction imposed is still the most appropriate sanction for Smyth's misconduct.

From 1996 to 1998, the above-captioned debtor (the "Debtor") borrowed a total of $500,000 from the City of Oakland (the "City"). As security for his repayment obligation, the Debtor gave the City liens on his residence, a warehouse, and certain business personal property. He defaulted in his payment obligations almost immediately. In January 2001, the City filed a complaint against the Debtor in state court and commenced nonjudicial foreclosure proceedings against its real property collateral. The Debtor was able to delay the foreclosure by filing a series of legal actions, including a complaint filed in federal district court, a cross-complaint filed in the state court action commenced by the City, and a prior chapter 13 case. Smyth began representing the Debtor when the state court cross-complaint was filed.

The above-captioned chapter 13 case was filed in August 2003. In this case, Smyth filed a Schedule of Assets and Liabilities on behalf of the Debtor, listing the City as a secured creditor and scheduling its claim as undisputed. He filed a plan providing that the City's claim would be paid by April 1, 2004 through a sale or refinance of the Debtor's real property. The City did not object to the plan, and it was confirmed in December 2003.

In March 2004, Smyth filed an objection to the City's claim. He contended that the City had lost its security interest in the Debtor's real property when the plan was confirmed because the plan did not expressly refer to the claim as a secured claim. He also contended that the City had no underlying unsecured claim because it had filed a proof of claim in the bankruptcy case asserting a

2

security interest.  Based on these objections to the City's claim, the Court issued an order to show cause Smyth should not be sanctioned pursuant to Rule 9011(b) of the Federal Rules of Bankruptcy Procedure for asserting frivolous claims and asserting claims for an improper purpose.

After hearing and after considering the arguments presented by Smyth, on September 1, 2004, the Court issued an order finding that Smyth had failed to show cause with respect to either ground and suspending Smyth from practice before the bankruptcy courts of the Northern District of California for six months.  Based on Smyth's history of prior misconduct, resulting in lesser disciplinary sanctions, the Court concluded that the six month suspension was the least severe sanction that could reasonably be expected to deter future misconduct.  At the same time, pursuant to the City's Rule 9011(b) motion in a related adversary proceeding, the Court imposed a monetary sanction against Smyth in the amount of $10,671 based on Smyth's assertion of frivolous claims in that proceeding.  Both orders were affirmed by the Bankruptcy Appellate Panel and were appealed to the Ninth Circuit Court of Appeals.

The Ninth Circuit reversed the Court's order in part in the adversary proceeding, concluding that two of the three claims at issue were not frivolous.  It remanded for a reconsideration of the monetary sanction based on this ruling.  The Ninth Circuit affirmed the Court's order in the main case, as it related to Smyth's frivolous objection to the City's claim.  Nevertheless, because the Court had considered the monetary sanction imposed against Smyth in

3

the adversary proceeding in determining the sanction to be imposed in the main case, the Ninth Circuit also remanded the main case order for reconsideration.

In a separate memorandum, filed in Adversary Proceeding No. 03-4837, the Court has now reduced the monetary sanction to be imposed on Smyth for his assertion of a single frivolous claim from $10,671 to $2,134.20.  Having then reconsidered the issues presented in this case, taking into account the reduced monetary sanction in the adversary proceeding, the Court concludes that a six month suspension is still the most appropriate sanction.  The reduction of the monetary award in the adversary proceeding does not call for a lessening of the nonmonetary sanction to be awarded in the main case.  If anything, it calls for a greater one.  However, the Court is persuaded that the six month suspension is sufficiently severe to be likely to serve some deterrence purpose.

**CONCLUSION**

For the reasons stated above, the Court reaffirms its conclusion that, based on his frivolous objection to the City's claim, which the Court concludes was also asserted for an improper purpose, Smyth will be suspended from practice before the bankruptcy courts of the Northern District of California for a period of six months.  The six month period will run from the effective date of the order pursuant to this decision.  The six month bar will exclude those cases already filed in which Smyth has already appeared as attorney of record.

END OF DOCUMENT

```
                        COURT SERVICE LIST

David Ashley Smyth
Smyth Law Offices
1990 N California Blvd. #830
Walnut Creek, CA 94596

Chris Kuhner
Kornfield, Paul & Nyberg
1999 Harrison St., #2675
Oakland, CA 94612
```